# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: P.F.

No. 17-0062 (Mingo County 16-JA-43)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.F., by counsel Jerry M. Lyall, appeals the Circuit Court of Mingo County's December 6, 2016, order terminating his parental rights to P.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the respondent withheld exculpatory evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR and the biological father of B.M. and K.M., as co-petitioner, filed an abuse and neglect petition against petitioner and the mother alleging that petitioner, the mother, and three children, B.M., K.M., and P.F., lived in a camper without food, running water, or electricity.[2] The petition further alleged that B.M. disclosed to her biological father that petitioner was sexually abusing her and her sister, K.M. According to the petition, the biological father took B.M. and K.M. to Cabell Huntington Hospital for a forensic physical examination. As set forth in the petition, the physical examination did not show evidence of abuse. The petition further alleged that petitioner and the mother engaged in domestic violence in the children's presence.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner is not the biological father of B.M. or K.M. As such, they are not the subject of his appeal before this Court.

1

In May of 2016, the circuit court held a preliminary hearing wherein it heard testimony from a DHHR worker, petitioner, and the mother. The DHHR worker testified that K.M. and B.M. were interviewed at the Mingo County Child Advocacy Center ("CAC") and disclosed that petitioner sexually abused them, that petitioner and the mother engaged in sexual intercourse and domestic violence in the children's presence, and that there was no food or running water in their home. B.M. also reported that the mother was aware of the sexual abuse. Both petitioner and the mother denied the sexual abuse and domestic violence allegations. Based on the evidence presented, the circuit court found, by clear and convincing evidence, that B.M. and K.M. suffered "horrific sexual abuse" by petitioner and the mother was aware of the abuse.

In June of 2016, the circuit court held an adjudicatory hearing during which no further witness testimony was presented. The circuit court found that the children had been abused and neglected, that the mother failed to protect them, and that the home was in a deplorable condition. Petitioner requested an improvement period, and the motion was "emphatically denied" by the circuit court.

In November of 2016, the circuit court held a dispositional hearing. The CAC interviewer testified that she interviewed B.M. and K.M. separately and each child made "disturbing disclosures" of sexual abuse by petitioner. According to the interviewer, B.M. and K.M. disclosed that petitioner did "bad things" to them, which B.M. later identified as "S.E.X." B.M. disclosed that petitioner "pulled down his pants," had sex with her, and tried to kiss her. She told the interviewer that petitioner "hurts her," "f****s her," and let another boy "[screw] her and her sister like dogs." B.M. also disclosed that petitioner "touched her a 100 (sic) times on her boobs, monkey, and butt" and threatened to kill and "bury her."[3] Finally, B.M. reported that the mother was aware of the sexual abuse and told petitioner to "stop doing that. She is a kid." K.M. told the interviewer that petitioner "licked her monkey" and identified her vagina as her "monkey." Based on the evidence presented, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and terminated his parental rights to P.F.[4] It is from that December 6, 2016, order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[3]Both B.M. and K.M. used the term "monkey" to indicate their vaginas.

[4]The parental rights of both parents to P.F. were terminated below. Additionally, the mother's parental rights to K.M. and B.M. were terminated below. J.M., the father of B.M. and K.M., was a non-offending parent. The guardian states that all three children were placed in J.M.'s home and the permanency plan is adoption into that home.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order terminating petitioner's parental rights to P.F.

Petitioner's argument on appeal is that the DHHR knowingly withheld "exculpatory evidence" from him and that such evidence tended to make the allegations against him "less probable."[5] Petitioner asserts that the reports of the forensic examinations performed at the CAC and the forensic physical examinations were withheld from him. We do not agree.

It is clear from the record that the information of which petitioner complains was provided to him.[6] The information that indicated that there was no physical evidence of sexual abuse of either B.M. or K.M. was contained in the petition initiating the proceedings against petitioner. The information was also obtained through the testimony of the DHHR's witness at the preliminary hearing; upon questioning by the mother's counsel, a DHHR worker testified that the examinations of B.M. and K.M. revealed no physical evidence of sexual abuse.[7] The fact that there was no physical evidence of sexual abuse was clearly considered by the circuit court prior to petitioner's adjudication. Further, the record on appeal clearly indicates that, at the time of the dispositional hearing, copies of the audio and video recordings of the children's forensic interviews had been provided to all counsel of record. There was no indication in or on the record that petitioner did not receive copies of the interviews or that he requested additional time to review the recordings. Those interviews were admitted into evidence without any objection from petitioner. "Generally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). Accordingly, we find no error below.

---

[5]On appeal, petitioner does not raise a specific assignment of error regarding the circuit court's termination of parental rights.

[6]Petitioner contends that the DHHR was required to disclose so-called "exculpatory evidence." In support of his argument, petitioner cites to *Stickler v. Greene*, 527 U.S. at 280 (1999). (holding that "the duty to disclose such evidence is applicable even though there has been no request by the accused.") Notwithstanding petitioner's argument, it is clear from the record that he received the information he now requests during the underlying proceedings. Further, petitioner argues that he was denied his "constitutional right to equal protection and due process of law" because the DHHR withheld exculpatory evidence. Because petitioner received this information below, his additional arguments are without merit.

[7]We note that West Virginia Code § 49-1-201 and its definition of "abuse," does not require the showing that a child suffered a physical injury.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 6, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker